IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| BILLY GUYTON, SR., | |
| Petitioner, | CIVIL ACTION NO.: CV205-233 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: CR297-026) |
| Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Billy Guyton, Sr. ("Guyton"), an inmate currently incarcerated at the Federal Correctional Institution in Estill, South Carolina, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent filed a Motion to Dismiss, and Guyton filed a Response. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Guyton was convicted in this Court, following a jury trial, of: conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; aiding and abetting, in violation of 18 U.S.C. § 2; distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1); and travel in interstate commerce in furtherance of a conspiracy, in violation of 18 U.S.C. § 1952(a)(3). On February 26, 1998, Guyton was sentenced[1] to life imprisonment. Judgment was entered on March 5, 1998. (CR297-26, Doc. No. 365.) Guyton filed an

---

[1] Guyton received three (3) life sentences, one (1) 30 year sentence, and two (2) 5 year sentences, all to be served concurrently. (CR297-26, Doc. No. 365.)

AO 72A
(Rev. 8/82)

appeal with the Eleventh Circuit Court of Appeals, and his convictions and sentences were affirmed. United States v. Guyton, 177 F.3d 982 (11th Cir. 1999) (Table). Guyton did not file a petition for certiorari.

Guyton filed a motion to vacate his sentence pursuant to FED. R. CIV. P. 60(b)(4) and (6) and FED. R. CRIM. P. 12(b) on March 31, 2003. (CR297-26, Doc. No. 514.) This Court denied Guyton's motion by Order dated May 7, 2003. Guyton then filed an application for leave to file a second or successive section 2255 motion, and the Eleventh Circuit denied his application on September 1, 2005. (CR297-26, Doc. No. 523.)

In his instant motion, which was filed in this Court on December 7, 2005, Guyton sets forth many allegations of error based on Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and Booker v. United States, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005). Specifically, Guyton asserts that the indictment failed to allege a drug quantity, and this element was not presented to the jury for proof beyond a reasonable doubt. Guyton contends that his Sixth Amendment right to a jury trial was violated because his life sentence exceeded the 240 month sentence he should have received based on the sentencing guidelines. (Def.'s Mem., p. 18.) Guyton also contends that §§ 846 and 841 do not carry a term of imprisonment, fine, or supervised release and that the imposition of a sentence under these statutes was unconstitutional. (Def.'s Mem., pp. 25, 28.) Guyton avers that his due process rights were violated because the trial court did not allow his material and alibi witnesses to testify at trial. (Def.'s Mem., p. 27.) Finally, Guyton alleges that his counsel provided ineffective assistance during his trial and on appeal. (Def.'s Mem., pp. 3-14.)

Respondent avers that Guyton's motion is untimely because he did not file it within one year of his conviction becoming final.  Respondent also avers that, to the extent Guyton relies on an extended statute of limitation under § 2255, ¶6(3), his reliance is unavailing because Blakely and Booker are not retroactively applicable to cases on collateral review.

## DISCUSSION AND CITATION TO AUTHORITY

Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code Section 2255 to accelerate the process for filing § 2255 motions. This amendment sets forth a one-year statute of limitations within which prisoners must file those motions. 28 U.S.C. § 2255, ¶6. According to section 2255, the statute of limitations period shall run from the latest of four possible dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Guyton was sentenced in this Court on February 26, 1998, and judgment was entered on March 5, 1998. Guyton filed a timely notice of appeal, and the Eleventh Circuit affirmed his convictions and sentences on March 24, 1999. Guyton had 90 days in which

3

AO 72A
(Rev. 8/82)

to file a petition for certiorari with the United States Supreme Court. Sup. Ct. R. 13.1 and 13.3. Guyton did not file a petition for certiorari, and his conviction became final on June 23, 1999. Guyton then had one year to file a timely section 2255 motion in this Court, or until June 23, 2000. See 28 U.S.C. § 2255, ¶ 6(1). Guyton filed the instant section 2255 motion on December 7, 2005, nearly five and one half (5½) years after the applicable statute of limitation expired. Guyton's motion is untimely under section 2255, ¶6(1).

Guyton does not assert that the Government created an impediment which prevented him from filing a timely section 2255 motion; accordingly, Guyton is not seeking relief pursuant to section 2255, ¶6(2).

Section 2255, ¶6(3) does not provide an avenue for Guyton's requested relief. In Dodd v. United States, ___ U.S. ___, 125 S. Ct. 2478, 162 L. Ed.2d 343 (2005), the Supreme Court stated that an applicant has one year from the date on which the right he asserts was initially recognized by the Supreme Court in which to file a section 2255 motion, pursuant to ¶6(3) of that statute. Dodd, ___ U.S. at ___, 125 S. Ct. at 2482. However, the Supreme Court reasoned that a petitioner cannot take advantage of this date unless the other conditions of this statute are also met, i.e., this right must be newly recognized *and* have been made retroactively applicable to cases on collateral review. Id. The Eleventh Circuit Court of Appeals has determined that Blakely and Booker do not apply retroactively to cases on collateral review. See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005). Thus, § 2255, ¶6(3) is unavailable to Guyton.

Finally, Guyton is not entitled to use the statute of limitation period provided in section 2255, ¶6(4). Guyton avers that he was under the impression that his trial and appellate attorney, William B. Johnson, filed the appropriate paperwork with the United

AO 72A
(Rev. 8/82)

States Supreme Court after the Eleventh Circuit affirmed his convictions and sentences on March 24, 1999. (Doc. No. 7, p. 5.) Guyton also asserts that he tried "to invoke the trial courts [sic] attention by filing Pro-se motions. (Doc[.] 515 at 1)[.]" (Id.) Guyton further asserts that he exercised due diligence in obtaining information to file his instant motion.

Document Number 515 in Guyton's criminal case is this Court's Order denying Guyton's motion to vacate a void judgment pursuant to Civil Rules 60(b)(4) and (6) and Criminal Rule 12(b), which was filed with this Court on March 31, 2003. (CR297-26, No. 514.) The undersigned fails to see how Guyton exercised any diligence in an attempt to file a section 2255 motion. Guyton filed his Rule 60(b) motion nearly four (4) years after his convictions and sentences were final within the meaning of section 2255. There is no evidence that Guyton attempted to ascertain the status of his case from his attorney, the Court, or any other source. He then waited one and one half years after this Court denied his Rule 60(b) motion to file the instant section 2255 motion. Guyton's allegations of "due diligence" are disingenuous, and he is not entitled to invoke section 2255, ¶6(4)'s trigger date for a renewed statute of limitation.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 6) be **GRANTED** and that Guyton's motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this /7th day of April, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5

AO 72A
(Rev. 8/82)